IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V. CRIMINAL NO. 3:24-CR-109-HTW-LGI

JAMES WILLIE STEVENS III

**DEFENDANT'S RESPONSE TO CORRECTED MOTION FOR SUMMARY DENIAL OF MOTION TO DISMISS THE INDICTMENT**

For his response to the Government's motion for summary denial of motion to dismiss the indictment, James Willie Stevens, III, submits the following:

1. An indictment charges Mr. Stevens with one count of possession of a machinegun in violation of 18 U.S.C. § 922(o). ECF 3. Mr. Stevens has filed a motion to dismiss the indictment, arguing that § 922(o), on its face and applied to Mr. Stevens, violates the Second Amendment and exceeds Congress's power under the Commerce Clause. ECF 25.

2. The Government has filed a motion for summary denial of the motion to dismiss the indictment, arguing that the law governing the defendant's motion to dismiss "has become abundantly clear." ECF 37.

3. As for the Second Amendment claim, Mr. Stevens acknowledges that the Fifth Circuit has reaffirmed its pre-*Bruen* precedent holding that machineguns "do not receive Second Amendment protection" because they are not in common use. *United States v. Wilson*, 164 F.4th 380, 383 (5th Cir. 2026) (quoting *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016)).

Mr. Stevens notes, though, that the Supreme Court recently granted certiorari in two cases that will likely affect the Fifth Circuit's precedent on machineguns. *See Viramontes v. Cook Cnty., IL*, No. 25-238, 2026 WL 1871322, at *1 (U.S. June 30, 2026); *Grant v. Higgins*, No. 25-566, 2026 WL 1871312, at *1 (U.S. June 30, 2026). In these cases, the Supreme Court will consider

whether the Second Amendment guarantees the right to possess AR-15 rifles. *See* Petition for Certiorari, at *i, *Viramontes v. Cook County*, No. 25-238, 2025 WL 2532572 (Aug. 27, 2025); Petition for Certiorari at *i, *Grant v. Higgins*, No. 25-566, 2025 WL 3189613 (Nov. 7, 2025). In considering that issue, the Supreme Court will likely issue guidance on how courts should conduct the common-use inquiry, including the inquiry's appropriate timing (whether it should take place in *Bruen*'s step one or two) and content (what metrics courts should use to evaluate common use). *See* Petition for Certiorari, at *19–20, *Viramontes v. Cook County*, No. 25-238, 2025 WL 2532572 (Aug. 27, 2025) (describing the "deep confusion" of the circuit courts of appeals about the meaning of "in 'common use'"); Petition for Certiorari, at *21–23, *Grant v. Higgins*, No. 25-566, 2025 WL 3189613 (Nov. 7, 2025) (describing the "confusion" about "where 'common use' fits into *Bruen*'s framework"). In response to recent petitions for certiorari challenging the Fifth Circuit's precedent holding that machineguns do not qualify for Second Amendment protection, the Government has "agree[d] that *Viramontes* and *Grant* could affect the proper disposition of" those petitions. *See* Memorandum for the United States, at 1, *Wilson v. United States*, No. 26-5198 (Aug. 13, 2026); Memorandum for the United States, at 1, *Porter v. United States*, No. 26-5121 (Aug. 6, 2026).

4. As for the Commerce Clause claim, Mr. Stevens acknowledges, as he did in his motion to dismiss, that Fifth Circuit precedent forecloses that claim. *See* ECF 25 at 8 (citing *United States v. Knutson*, 113 F.3d 27 (5th Cir. 1997)).

Mr. Stevens notes, though, that the Fifth Circuit has issued an order granting en banc hearing on the issue of whether 18 U.S.C. § 922(g)(1) unconstitutionally exceeds Congress's authority under the Commerce Clause. *See* Order, *United States v. Squire*, No. 25-30324 (5th Cir. July 20, 2026). The en banc oral argument has been set for January 2027.

The Fifth Circuit's opinion in *Squire* could significantly change the governing precedent for Commerce Clause challenges to firearms regulations. Though *Squire* involves a challenge to § 922(g)(1), its reasoning could apply with even more force to § 922(o), which contains no jurisdictional element to ensure that the alleged machinegun possession affects interstate commerce. *See United States v. Lopez*, 514 U.S. 549, 561 (1995) (affirming the reversal of a conviction under 18 U.S.C. § 922(q) (1995) because, among other things, the provision lacked a "jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce").

WHEREFORE, for the foregoing reasons, Mr. Stevens alerts the Court to potential developments in the law governing his Second Amendment and Commerce Clause claims.

This the 24th day of August, 2026.

Respectfully submitted,

By: *s/ Princess Abby*

Assistant Federal Public Defender
200 South Lamar St., Suite 200-N
Jackson, MS 39201
Telephone: 601-948-4284
Facsimile: 601-948-5510
*princess_abby@fd.org*
MS #106000

Attorney for Defendant

## CERTIFICATE OF SERVICE

I, Princess Abby, hereby certify that on this day I electronically filed the foregoing Response with the Clerk of the Court using ECF system which sent notification of such filing to all attorneys of record.

This the 24th day of August, 2026.

*/s/Princess Abby*
Attorney for Defendant